UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

CHRISTOPHER HANSEN,

Plaintiff,

v.

WAREHOUSES OF POMPANO BEACH, L. C. and
SANPHIL CORP.

Defendant.

_________________________________/

**COMPLAINT**

Plaintiff, CHRISTOPHER HANSEN, by his undersigned counsel, hereby files this Complaint and sues, WAREHOUSES OF POMPANO BEACH, L. C. and SANPHIL CORP., for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**PARTIES**

2. Plaintiff, CHRISTOPHER HANSEN, is a lifelong resident of Florida and currently lives in Miami, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Christopher is a partial quadriplegic, as a result of a skim boarding accident in 2003. He is bound to ambulate in a wheelchair. Mr. Hansen owns his own vehicle and does drive. He

has visited the property which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3. Defendant, WAREHOUSES OF POMPANO BEACH L. C., transacts business in the State of Florida and within this judicial district. Defendant in the owner, lessee, and/or operator of the real property and improvements which are the subject of this action located on or about 1461 SW 30 Avenue, Pompano Beach, Florida (hereinafter the “facility”).

4. Defendant, SANPHIL CORP., transacts business in the State of Florida and within this judicial district. Defendant in the owner, lessee, and/or operator of "The Circus Bar and Grill", the real property and improvements which are the subject of this action located on or about 1461 SW 30 Avenue, Pompano Beach, Florida (hereinafter the “facility”).

5. The Defendants' facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

6. In this instance, Mr. Hansen, visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

7. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

8. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

9. Mr. Hansen has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

10. Mr. Hansen intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

11. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including

those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

12. Defendants have discriminated against Mr. Hansen by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

I. REQUIRED CLEAR WIDTH IS NOT PROVIDED AT THE WALKING SURFACE OF THE TRAVEL PATH FROM THE PARKING AREA TO BOTH ENTRANCES OF THE BUSINESS THE BACK ENTRANCE AND THE PATH LEADING FROM THE PARKING AREA TO THE FRONT ENTRANCE ARE BOTH INACCESSIBLE DUE TO PARKING SPACES DIRECTLY BLOCKING BOTH PATHS.
   a. Contrary to Advisory 502.3, ADAAG 403.5.1, ADAAG 206, ADAAG 206.1, ADAAG 206.2, and ADAAG 206.2.2.

II. AN ACCESSIBLE PARKING SPACE IS NOT PROVIDED AS REQUIRED ON THE PROPERTY.
   a. Contrary to ADAAG 208, ADAAG 208.1, and ADAAG 208.2.

III. REQUIRED TOE AND KNEE CLEARANCE IS NOT PROVIDED AT THE BAR SEATING AREA. THE HEIGHT OF THE BAR EXCEEDS THE MAXIMUM HEIGHT ALLOWANCE. A PORTION(5%) OF THE BAR THAT IS REQUIRED TO BE ACCESSIBLE IS NOT PROVIDED.
   a. Contrary to ADAAG 226, ADAAG 226.1, ADAAG 902, ADAAG 902.1, Advisory 902.1, ADAAG 902.2, and ADAAG 902.3.

IV. EXISTING SIGNAGE AND ITS MOUNTED POSITION AT RESTROOM DOOR IS NON COMPLIANT.
   a. Contrary to Advisory 216.2, Section 216.2, ADAAG 216.2, ADAAG 703, and ADAAG 703.1.

V. REQUIRED MINIMUM CLEAR WIDTH IS NOT PROVIDED AT THE CORRIDOR DOOR WHICH MEASURES 30 INCHES IN WIDTH. (DOOR OPENING IS LESS THAN 30 INCHES WHEN MEASURED BETWEEN THE FACE OF THE DOOR AND THE STOP, WITH THE DOOR OPEN 90 DEGREES.)
   a. Contrary to ADAAG 404.2.3.

VI. REQUIRED MINIMUM TURNING SPACE IS NOT PROVIDED IN RESTROOM CORRIDOR.
  a. Contrary to ADAAG 603.2.1, ADAAG 304.3, and ADAAG 304.3.1.

VII. REQUIRED MINIMUM CLEARANCE IS NOT PROVIDED AT INTERIOR / EXIT SIDE OF CORRIDOR DOOR .
  a. Contrary to ADAAG 404.2.4.

VIII. REQUIRED MINIMUM CLEARANCE IS NOT PROVIDED AT EXTERIOR / ENTRY SIDE OF RESTROOM DOOR .
  a. Contrary to ADAAG 404.2.4.

IX. REQUIRED MINIMUM CLEAR WIDTH IS NOT PROVIDED AT THE RESTROOM DOORWHICH MEASURES 30 INCHES IN WIDTH.(DOOR OPENING IS LESS THAN 30 INCHES WHEN MEASURED BETWEEN THE FACE OF THE DOOR AND THE STOP, WITH THE DOOR OPEN 90 DEGREES.)
  a. Contrary to ADAAG 404.2.3.

X. REQUIRED MINIMUM CLEARANCE IS NOT PROVIDED AT INTERIOR / EXIT SIDEOF RESTROOM DOOR .
  a. Contrary to ADAAG 404.2.4.

XI. REQUIRED CLEAR WIDTH IS NOT PROVIDED AT PATH OF TRAVEL TO THE URINALS AND WATER CLOSET. THE PATH OF TRAVEL REQUIRES PASSAGE THRU A SPACE BETWEEN THE CORNER EDGE OF A WALL AND THE CORNER EDGE OF THE WATER CLOSET STALL COMPARTMENT.
  a. Contrary to ADAAG 403.5.1.

XII. THE WATER CLOSET STALL DOORS SWING INTO THE FLOOR SPACE OF THE URINALS.
  a. Contrary to ADAAG 603.2.3.

XIII. ALL 3 URINALS IN THE RESTROOM ARE MOUNTED AT A NON COMPLIANT HEIGHT THAT EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
  a. Contrary to ADAAG 605.2.

XIV. REQUIRED MINIMUM CLEARANCE IS NOT PROVIDED AT THE 1ST OF 2 WATER CLOSETS THAT ARE LOCATED IN THE RESTROOM.
  a. Contrary to ADAAG 604.3 and ADAAG 604.3.1 Size.

XV. REQUIRED GRAB BARS ARE NOT PROVIDED ON SIDE AND REAR WALLSAT THE 1ST OF 2 WATER CLOSETS IN RESTROOM.
    a. Contrary to ADAAG 604.5.

XVI. REQUIRED MINIMUM CLEARANCE IS NOT PROVIDED AT THE 2ND OF 2 WATER CLOSETS THAT ARE LOCATED IN THE RESTROOM.
    a. Contrary to ADAAG 604.3 and ADAAG 604.3.1.

XVII. REQUIRED GRAB BARS ARE NOT PROVIDED ON SIDE AND REAR WALLSAT THE 2ND OF 2 WATER CLOSETS IN RESTROOM.
    a. Contrary to ADAAG 604.5.

13. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

14. Mr. Hansen has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

15. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

16. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

17. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

18. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

*s/ Lauren Wassenberg*

LAUREN WASSENBERG, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 34083
429 Lenox Avenue Suite P503
Miami Beach, Florida 33139
Ph: (305) 537-3723
Fax: (866) 519-3748